IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BIN BURGESS, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:24-CV-80-RWS-JBB |
| JEFFREY NEAL, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

Plaintiff Bin Burgess, proceeding *pro se*, filed the above-styled lawsuit under 42 U.S.C. § 1983, alleging that Defendants deprived him of his constitutional rights. The case was referred to the United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636. The named Defendants are Bowie County Sheriff Jeffrey Neal, the staff from Turnkey Medical (a private corporation which provides medical services to the Bowie County Jail), and a jail officer named Marshall.

Magistrate Judge Baxter conducted an evidentiary hearing on December 9, 2025. Docket No. 23. At the hearing and in his amended complaint, Plaintiff stated that on March 6, 2024, he was confined in the Bowie County Jail when he was assaulted by two other inmates, Robert James and Cedric Johnson. Docket No. 10 at 4. Officer Marshall was not at her post and so the assault continued for some time, even after Plaintiff was rendered unconscious. *Id.* According to Plaintiff, after an officer named Williams intervened to stop the assault, Plaintiff was sent to the jail infirmary, staffed by employees of Turnkey. They told Plaintiff that his injuries were minor and had him returned to the same pod where he had been assaulted. *Id.*

According to Plaintiff, nine hours later he was finally sent to a hospital in Texarkana, where he received a CT scan. *Id.* After the scan, Plaintiff was immediately transported

to the University of Texas at Tyler Regional Medical Center Hospital, where he was placed in ICU with orbital fractures, a broken nose, a broken jaw, a broken left foot, and brain bleeding. *Id.* at 5. He subsequently underwent complete facial reconstruction surgery. *Id.*

After reviewing the pleadings and testimony, the magistrate judge issued a Report and Recommendation on December 11, 2025, recommending dismissal of Plaintiff's claims against Sheriff Neal and Officer Marshall. Docket No. 24. The magistrate judge also determined that Plaintiff stated a potential claim for deliberate indifference against the medical staff and recommended that he be allowed to conduct discovery to ascertain the names of the medical personnel whom he saw. *Id.* at 7.

The Report and Recommendation was mailed to Plaintiff at the address indicated on the docket, but it was returned as undeliverable with "not here" written on the envelope.[1] Docket No. 25. No objections have been received to date. Because no objections were filed, Plaintiff is barred from de novo review by the District Judge of the magistrate judge's findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 352 (5th Cir. 2017).

The Court has reviewed the pleadings and the Report and Recommendation of the magistrate judge. After review, the Court concludes that the Report and Recommendation of the magistrate judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a magistrate judge's Report and

---

[1] Local Rule CV-11(d) of the Local Rules of Court for the Eastern District of Texas requires that *pro se* litigants must provide the Court with a physical address and is responsible for keeping the Clerk of Court advised in writing of his current physical address.

Recommendation are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the Report and Recommendation of the magistrate judge (Docket No. 24) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claims against the Defendants Sheriff Neal and Officer Marshall are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. Sheriff Neal and Officer Marshall are dismissed as parties to this lawsuit. The dismissal of these claims and parties shall not affect Plaintiff's claims against Turnkey or the medical staff of Turnkey.

**So ORDERED and SIGNED this 2nd day of February, 2026.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE